Dear Senator Wilkerson,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask the following question:
Do the provisions of 74 O.S. 840-2.18 (1998) require aState employee to requalify with a new two-year period ofcontinuous service in order to be eligible to receive longevitypay if the employee has previously worked for a state agency fora period of more than two years, has a break in service of morethan thirty days and is then reemployed by a State agency?
¶ 1 Title 74 O.S. 840-2.18 (1998) provides a plan for all State classified, unclassified and exempt employees to receive an additional lump sum payment each year as a reward for longevity of service as a state employee. The longer the credited years of service, the greater is each annual longevity payment.
¶ 2 Subsection 74 O.S. 840-2.18(C) provides minimum eligibility requirements as follows:
 To be eligible for longevity pay, employees must have been continuously employed in the classified or unclassified service of the state for a minimum of two (2) years in full-time status or in part-time status working more than one thousand (1,000) hours a year.
 For purposes of this section, a break in service of thirty (30) calendar days or less shall not be considered an interruption of continuous service; a break in service of more than thirty (30) calendar days shall mark an end to continuous service[.] (Emphasis added).
¶ 3 "The primary goal of statutory construction is to determine legislative intent. That intent is to be ascertained from the statute in light of its general purpose and object. It is presumed that the legislature has expressed its intent in a statute and that it intended what it so expressed. The statute should then be interpreted to attain that purpose and end." TXOProduction Corp. v. Oklahoma Corp. Commission, 829 P.2d 964,968-969 (Olda. 1992). (Footnotes omitted).
¶ 4 To be eligible for the longevity pay an employee must have been continuously employed for a minimum of two (2) years, and a break in service of more than thirty (30) calendar days marks the end to continuous service for the purposes of this statute.[1] Therefore, if an employee is separated from the State service for more than thirty (30) calendar days, he or she then losses the status of being continuously employed. As a result, such person would need to reestablish the minimum continuous period of two (2) years in full-time status or in part-time status working more than one thousand (1,000) hours a year to be eligible for longevity pay.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 74 O.S. 840-2.18 (1998) requires a State employee torequalify with a new two year period of continuous service inorder to be eligible to receive longevity pay if the employee haspreviously worked for a state agency for a period of more thantwo years, has a break in service of more than thirty calendardays and is then reemployed by a State agency.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] Although there may be a break in continuous service for purposes of determining eligibility to receive a longevity payment, period of less than two years of prior service may qualify for credit under the statutory formula for the annual longevity payment amount. See 74 O.S. 840-2.18(E) (1998)